AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>2003 TOYOTA SEQUOIA<br>BEARING VIN NUMBER 5TDZT34A83S177691 &<br>ARIZONA LICENSE PLATE ALA9ML | ) ) ) ) ) ) ) | Case No. **24mr2098** |
|---|---|---|

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incoporated by reference.

located in the _____ District of ___New Mexico___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incoporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 | Crimes committed in Indian Country |
| 18 U.S.C. § 113(a)(3) | Assault with a Dangerous Weapon |

The application is based on these facts:
See attached affidavit submitted by SA Lorraine Hardy and reviewed by AUSA Mark Probasco

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Lorraine Hardy, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 41 by Telephonically Sworn and Electronically Signed *(specify reliable electronic means)*.

Date: **11/13/2024**

*Judge's signature*

City and state: Farmington, NM    B. Paul Briones, United States Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>2003 TOYOTA SEQUOIA<br>BEARING VIN NUMBER<br>5TDZT34A83S177691 &<br>ARIZONA LICENSE PLATE<br>ALA9ML | Case No. _____ |

## **AFFIDAVIT**

I, Lorraine Hardy, being duly sworn, depose and state as follows:

## **INTRODUCTION**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search of a 2003 Toyota Sequoia with Vehicle Identification number 5TDZT34A83S177691 and Arizona License Plate ALA9ML (hereinafter "TARGET VEHICLE").

2. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violation of 18 U.S.C. §§ 113(a)(3) & 1153 assault with a dangerous weapon in Indian Country, with intent to do bodily harm, have been committed by Tyrell Lee Johnson (herein after referred to as JOHNSON), year of birth 1995. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

1

3.  The facts in this affidavit come from my personal observations and participation in this investigation, my training and experience, and information obtained from other investigators and witnesses. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause for the requested warrant.

4.  I am currently serving as an FBI Special Agent assigned to the FBI, Albuquerque Division, Farmington Resident Agency, where I primarily investigate crimes that occur in Indian Country to include homicide, aggravated assault, child sexual assault, kidnapping and rape. I have been with the FBI for approximately six years. I received on the job training from other experienced agents, detectives, Indian Country criminal investigators, and tribal police officers. My investigative training and experience include, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects and witnesses, writing affidavits for executing search warrants and arrest warrants, examining cellular telephones, managing confidential human sources and cooperating witnesses/defendants, serving subpoenas, collecting evidence and analyzing public records.

5.  As a Federal Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute arrest and search warrants issued under the authority of the United States. I know from my training and experience that DNA is a critical component of modern police work. I have received training on how DNA samples should be collected, as well as how DNA samples can be used to solve crimes. I have

2

furthermore participated in the collection of DNA samples as a component of my investigatory work.

6. Through my training and experience, I know that human saliva and droplets of human sweat contain DNA, which can be used to help identify an individual, and that DNA from human saliva, sweat droplets, or hair can potentially be recovered and used to help identify an individual, after the individual comes in contact with a surface or an object. This DNA is detectible by lab technicians.

7. Based on my training and experience and familiarity with investigations into violent crimes and my discussions with other trained law enforcement officers, I am aware that DNA is contained in blood, semen, saliva, skin cells, fingernails, mucus, and hair. DNA found in these items can be analyzed by a forensics lab and used to help identify individuals who have transferred their DNA to items in their possession.

8. I am further aware in violent crime investigations of readily transferrable trace evidence in the form of human hair, soil, residue, fibers, and fragments which can be exchanged between individuals or onto physical surfaces as a result of transfer from a source. This evidence can help define attribution of an individual when compared with known standards, where an individual may have been, with whom the contact occurred, and the nature of that contact. In addition to potential conclusions from DNA analysis, lab technicians can further perform microscopic analysis of this trace evidence to understand the mechanisms and attribution of any such transfer.

## PROBABLE CAUSE

9. On or about November 2, 2024, at approximately 10:49 a.m., the Farmington Resident Agency of the FBI was notified by Navajo Nation Department of Criminal

Investigations (NNDCI) of a woman (hereinafter referred to as JANE DOE), year of birth 1996, was physically assaulted and hit by a vehicle in Beclabito, New Mexico and taken to Northern Navajo Medical Center (NNMC) in Shiprock with injuries.

10. JANE DOE was interviewed by law enforcement at approximately 12:00 p.m. at NNMC. It was learned JANE DOE was traveling home with her sister, (hereinafter referred to as N.S.), year of birth 1983, to Phoenix, Arizona. N.S. was driving and JANE DOE was in the front passenger seat. Due to road construction and a single lane road ahead, N.S. stopped at a construction stop light in Beclabito, to await the green light. JANE DOE saw her ex-boyfriend JOHNSON pass them in his Toyota Sequoia (hereinafter referred to as the TARGET VEHICLE). JOHNSON turned around and stopped the TARGET VEHICLE behind N.S.'s vehicle. JANE DOE observed JOHNSON get out of the TARGET VEHICLE and start climbing into the back of N.S.'s vehicle. JANE DOE got out to talk to JOHNSON. JOHNSON did not say anything to JANE DOE but grabbed her by the neck and shoulders and started hitting her with his fists in the head. JOHNSON then stabbed JANE DOE in the abdomen with a black knife approximately eight inches long. JOHNSON got back into the TARGET VEHICLE and drove forward striking JANE DOE with the TARGET VEHICLE and knocking her down. JOHNSON reversed and sped off. JANE DOE stated she was afraid of JOHNSON and was concerned he would return to hurt her.

11. JANE DOE believed JOHNSON was angry because she and her children left him. JOHNSON had been trying to contact JANE DOE on her cell phone all morning, but she did not respond to him.

12. Your affiant observed JANE DOE in the Emergency Room during the interview. JANE DOE was lying flat on her back and was covered with blankets. JANE DOE had abrasions on her forehead, bruises and cuts on her right knee and both ankles. JANE DOE stated she had multiple bumps to the back of head and experienced pain when moving her jaw. I also observed a stab wound to JANE DOE's abdomen approximately two inches wide and what appeared to be blood on JANE DOE's hospital gown around her abdomen. JANE DOE had red marks on both the right and left sides of her neck. After being asked, JANE DOE stated she experienced incontinence during the incident. JANE DOE stated her pain level was an eight on a scale of one to ten.

13. Navajo Police Department (NPD) officers later located the TARGET VEHICLE, which they recognized because the front bumper was dragging on the roadway after striking JANE DOE. NPD officers activated their lights and sirens and attempted to stop the TARGET VEHICLE, but it continued to pick up speed headed east on Hwy 64. At approximately mile marker 14.5 NPD officers observed the front bumper fall off the TARGET VEHICLE. NPD officers temporarily lost sight of the TARGET VEHICLE. A short time later the TARGET VEHICLE was observed parked behind a church in Cudei, New Mexico. As NPD officers approached the TARGET VEHICLE it took off at a high rate of speed kicking up dirt and gravel. JOHNSON attempted to flee several times from officers but eventually stopped in Cudei, New Mexico. The TARGET VEHICLE driven by JOHNSON attempted to evade police several more times before finally stopping. JOHNSON was eventually taken into custody without incident. NPD officers located a black folding pocketknife in JOHNSON's front pants pocket and a black cellular phone in the other front pocket. Both items were seized and later transferred to FBI evidence

pending a search warrant and laboratory analysis. The TARGET VEHICLE was towed and secured by NPD pending a search warrant. The TARGET VEHICLE is a 2003 Toyota Sequoia with a Vehicle Identification Number of 5TDZT34A83S177691 and Arizona license plate of ALA9ML

14. At approximately 1:30 p.m. your affiant and Navajo Nation Department of Criminal Investigation (NNDCI), Criminal Investigator (CI), Jefferson Joe interviewed JOHNSON at the NPD station in Shiprock, New Mexico. Prior to the interview NPD officers provided your affiant with a Breath Alcohol Test for JOHNSON which read 0.00 for alcohol. JOHNSON was read his Miranda Rights and agreed to speak with law enforcement.

15. JOHNSON stated he had been broken up with JANE DOE for approximately six months. They had two kids together, so JOHNSON regularly stopped by to visit and also had JANE DOE's house key. Around, 7:30 a.m. JOHNSON stopped by JANE DOE's residence in Tees Nos Pos, Arizona, to visit his children but JANE DOE was not there. JOHNSON attempted to contact JANE DOE on her cell phone multiple times stating he wanted to get back with JANE DOE. JANE DOE did not respond to JOHNSON's calls or messages. JOHNSON's brother had called and told him JANE DOE had taken their washing machine and left. JOHNSON left JANE DOE's house and passed JANE DOE and her sister on the Hwy in Beclabito. JOHNSON pulled up behind JANE DOE and attempted to get the washing machine from the back of N.S. vehicle. JANE DOE got out and they "got into it". JOHNSON told JANE DOE he just wanted to see his kids; JANE DOE agreed but JOHNSON did not believe her.

16. JANE DOE grabbed JOHNSON and JOHNSON grabbed JANE DOE. JOHNSON tried to hit JANE DOE but missed. JOHNSON admitted to kicking JANE DOE, but after seeing the situation he was causing, he stopped and tried to drive away. While driving away JOHNSON "bumped" JANE DOE with the TARET VEHICLE and knocked her down. JOHNSON stated maybe JANE DOE jumped in front of the TARGET VEHICLE but later said "I don't think she did". JOHNSON later stated he did make contact with JANE DOE with his fist, because his knuckles on his right hand were hurting. JOHNSON stated he was sorry and regretted his actions. JOHNSON stated the TARGET VEHICLE was registered to him.

17. JOHNSON stated JANE DOE has violent tendencies and has threatened JOHNSON that she would go to his grandmother's house and break all the windows. JANE DOE also told JOHNSON over text message that she hoped he died.

18. JOHNSON admitted to owning and carrying a knife but would never stab anyone. JOHNSON stated the front bumper on the TARGET VEHICLE was already messed up from before and was zip tied on. JOHNSON stated the bumper got loose after hitting JANE DOE.

19. JOHNSON stated he no longer wanted to speak and that concluded his interview.

20. The reported incident took place on Hwy 64 of Beclabito, New Mexico, GPS coordinates 36.832499, -109.020870, which is within the exterior boundaries of the Navajo Nation.

21. JOHNSON and JANE DOE are certified members of the Navajo Nation.

## CONCLUSION

22. Based on the facts set forth in this affidavit, there is probable cause to JOHNSON violated federal criminal statutes, 18 U.S.C. §§ 113(a)(3) & 1153 assault with a dangerous weapon with intent to do bodily harm in Indian Country. Therefore, I submit that this affidavit supports probable cause for a warrant to search the TARGET VEHICLE described in Attachment A and seize the items described in Attachment B. Evidence sought in Attachment B may serve to inculpate or exculpate JOHNSON and are critical to the unfolding investigation.

23. Assistant United States Mark A. Probasco reviewed and approved this affidavit for legal sufficiency to establish probable cause.

24. I swear that this information is true and correct to the best of my knowledge and belief.

_____
Lorraine Hardy, Special Agent
Federal Bureau of Investigation

Electronically SUBSCRIBED and telephonically SWORN to me this __13th__ day of November 2024.

_____
HONORABLE B. PAUL BRIONES
United States Magistrate Judge

8

**ATTACHMENT A**
**Property to be Searched**

The property to be searched is described as follows:

The TARGET VEHICLE is a 2003 grey Toyota Sequoia, Arizona License Plate ALA9ML, VIN 5TDZT34A83S177691. Below is a photograph of the TARGET VEHICLE:



1

# ATTACHMENT B
## Particular Things to Be Seized

The following materials, which constitute evidence of a crime or property designed or intended to use in the commission of a criminal offense, namely violation of 18 U.S.C. §§ 1153 & 113(a)(3), Assault with a dangerous weapon with intent to do bodily harm in Indian Country:

1. Records indicating vehicle ownership including title records, purchasing and leasing agreements, registration, maintenance records, tire maintenance records, and fuel purchases.

2. Other financial records indicating travel, which may include gas purchase receipts or credit card receipts.

3. Valid or false identification records and documents, including drivers' licenses, social security cards, tribal enrollment records, state identification cards and foreign identification documents.

4. Any clothing indicating the potential presence of blood or other bodily secretions.

5. Any zip-ties.

6. Any knives or bladed implements capable of inflicting injury.

7. Any biological evidence such as DNA, blood, trace hair and/or fibers, and fingerprints.

8. Photographs of the interior and exterior of the vehicle.

9. Any other items of evidence that can be attributed to JANE DOE.